IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS FABIAN MENDOZA | : CIVIL ACTION |
| | : |
| v. | : NO. 26-3860 |
| | : |
| J.L. JAMISON, ACT FIELD OFF | : |
| DIRECT JOHN R. RIFE, SECRETARY | : |
| MARKWAYNE MULLIN, ACTING | : |
| ATTORNEY GEN. TODD BLANCHE, | : |
| U.S. DEPARTMENT OF HOMELAND | : |
| SECURITY, EXECUTIVE OFFICE OF | : |
| IMMIGRATION REVIEW | : |

## ORDER

**AND NOW**, this 17th day of June 2026, upon considering an incarcerated man's Petition for habeas corpus (ECF 1) seeking release from custody at the Federal Detention Center Philadelphia after being detained while walking to a friend's home and after residing in the United States since 2022, the United States' timely Response (ECF 5), and Petitioner's Reply (ECF 7) carefully considering the uncontested allegations regarding Petitioner's presence in our District, mindful Respondents argue Petitioner is subject to mandatory detention under both the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E), and 8 U.S.C. § 1225(b)(2), as well as partially repeating arguments denied by us and our colleagues from several earlier similar petitions brought by other persons, and finding, as we already found and our colleagues in now hundreds of cases nationwide have found facing similar fact patterns,[1] Respondents detain Petitioner in violation of the Constitution and the laws of the United States, Respondents have not established Petitioner is subject to mandatory detention under section 1226(c)(1)(E), and Respondents applying Congress's clear direction in 8 U.S.C. § 1225(b)(2) to non-citizens such as the Petitioner is unlawful leading us to be persuaded by our colleagues' extensive analysis (well known to Respondents) and allowing us to find the Petition (ECF 1) is reviewable, we read Congress's mandate in section

1225(b)(2) narrowly, and there is no basis for mandatory detention but Petitioner may be subject to the discretionary detention explained by Congress in 8 U.S.C. § 1226(a) after a bond hearing, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1.      Petitioner Luis Fabian Mendoza is not subject to mandatory detention under the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E);[2]

2.      Petitioner Luis Fabian Mendoza is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);[3]

3.      Respondents shall **forthwith** release Petitioner Luis Fabian Mendoza from federal custody by no later than **11:00 AM EST** on **June 18, 2026** and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel confirming release filed no later than **12:00 PM EST** on **June 18, 2026**;

4.      Respondents are temporarily enjoined from re-detaining Luis Fabian Mendoza until no earlier than **July 6, 2026 absent further Order from an immigration judge after a hearing** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Mr. Fabian Mendoza with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

5.      Respondents cannot remove, transfer, or otherwise facilitate the removal of Mr. Fabian Mendoza from the Eastern District of Pennsylvania before an ordered bond hearing, but if a duly authorized under law immigration judge with jurisdiction finds Mr. Fabian Mendoza is subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Mr. Fabian Mendoza from this District for unforeseen or emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Mr. Fabian Mendoza; and,

6.    We **direct** the Clerk of Court **CLOSE** this case.

_____
**KEARNEY, J.**

---

[1] *See e.g. Holguin Velez v. Jamison*, No. 26-1918, 2026 WL 893679, at *1 (E.D. Pa. Apr. 1, 2026) (Scott, J.); *Torres Jimenez v. McShane*, No. 26-1871, 2026 WL 811680, at *1 (E.D. Pa. Mar. 24, 2026) (Sánchez, J.) (collecting cases); *Teletor Jimenez v. Bondi*, No. 26-1698, 2026 WL 800952, at *2 (E.D. Pa. Mar. 20, 2026) (Hodge, J.); *Beridze v. Jamison*, No. 26-1611, 2026 WL 766171, at *2-5 (E.D. Pa. Mar. 18, 2026) (Rufe, J.); *Noicy v. Jamison*, No. 26-1388, 2026 WL 637635, at *2 & n.1 (E.D. Pa. Mar. 6, 2026) (Sánchez, J.) (collecting cases); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

The United States concedes all decisions in this District addressing its section 1225(b)(2) argument are adverse to the United States' position, but cites recent decisions by the United States Court of Appeals for the Fifth Circuit, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and the United States Court of Appeals for the Eighth Circuit, *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), agreeing with the United States' position all non-citizens present in the United States without lawful admission are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See* ECF 5 at 8–9. The United States concedes the United States Court of Appeals for the Second Circuit, the United States Court of Appeals for the Sixth Circuit, and the United States Court of Appeals for the Eleventh Circuit all rejected its argument holding the petitioner's detention is governed by section 1226(a) and not section 1225(b)(2)(a). *See id.* at 9; *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026). The United States also concedes the United States Court of Appeals for the Seventh Circuit this week affirmed a lower court's order directing release of a petitioner detained under section 1225(b). ECF 5 at 4 n.3; *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026).

As noted in our earlier Orders rejecting this same argument advanced by the United States, Judge Sánchez and Judge Wolson recently declined to follow *Buenrostro-Mendez*, noting recent decisions from our colleagues in this District. *See Noicy*, 2026 WL 637635, at *3 & n.3 (collecting cases); *Hasanboy Olimov v. Jamison*, No. 26-532, 2026 WL 596155, at *3–4 & n.10 (E.D. Pa. Mar. 3, 2026) (Wolson, J.) (collecting cases). In the last several weeks, Judge Costello, Judge Rufe, and Judge Henry declined to follow *Buenrostro-Mendez* and *Avila. See Badalov v. Jamison*, No. 26-2663, 2026 WL 1132331 (E.D. Pa. Apr. 27, 2026) (Costello, J.); *Garcia Sanchez v. Jamison*, No. 26-2676, 2026 WL 1122349 (E.D. Pa. Apr. 24, 2026) (Rufe, J.); *Matias Sanchez v. McShane*, No. 26-2499, 2026 WL 1082237 (E.D. Pa. Apr. 21, 2026). The United States noted its appeals in two matters, now consolidated, are pending and our Court of Appeals heard argument on them on May 11, 2026. ECF 5 at 7 n.6.

The United States notes it is not currently making jurisdictional arguments as in earlier responses in other cases in the District. *Id.* at 5 n.5. The United States refers us to our Court of Appeals' January 15, 2026 decision in *Khalil v. President, United States of America*, 164 F.4th 259 (3d Cir. 2026). In *Khalil*, our Court of Appeals considered whether the district court had jurisdiction over

Mr. Khalil's immigration habeas petition. The court held the district court had jurisdiction over the habeas petition. The court then considered a second question; whether the Immigration and Nationality Act stripped the district court of subject matter jurisdiction over Mr. Khalil's challenge to removal proceedings under 8 U.S.C. § 1252(b)(9). *Id.* at 265, 273–74. Our Court of Appeals held the Act divested the district court of subject matter jurisdiction. *Id.* Since the *Khalil* decision, our colleagues have distinguished the facts in *Khalil*—where Mr. Khalil challenged both his removal and detention while removal proceedings pended, from cases where habeas petitioners challenge the legality of detention, concluding we have jurisdiction over habeas claims challenging the United States' authority to detain without a bond hearing. *See Gagiev v. Rose*, No. 26-169, 2026 WL 657739, at *7 (E.D. Pa. Mar. 9, 2026) (Murphy, J.); *Hasanboy Olimov*, 2026 WL 596155, at *2 & n. 6 (collecting cases). Mr. Fabian Mendoza today challenges his detention without a bond hearing. We, like our colleagues, conclude we have jurisdiction over Mr. Fabian Mendoza's petition.

2 The United States argues we face a different situation than the vast majority of cases reviewed by us over the past few months. It argues Mr. Fabian Mendoza is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E) because he has pending Pennsylvania charges for aggravated assault and related offenses. ECF 5 at 5–6. The United States correctly identifies the mandatory nature of this detention.  But there are qualifiications. Congress through section 1226(c)(1)(E) requires the United States first show Mr. Fabian Mendoza "is inadmissible under" 8 U.S.C. § 1182(a)(6)(A), (6)(C). *See* 8 U.S.C. § 1226(c)(1)(E)(i).

The United States appears to rely on section 1182(a)(6)(A) which applies to a person present in the United States "without being admitted or paroled." ECF 6 at 6. Mr. Fabian Mendoza asserts Department of Homeland Security officers encountered him "shortly after entering the country. [The officers] detained and processed [him], initiated removal proceedings, and released him ***on parole*** to live to in Philadelphia with his family." ECF 1 ¶ 18 (emphasis added). The United States cites this same paragraph for the proposition Mr. Fabian Mendoza entered "without inspection or parole" but does not address the parole allegation or otherwise establish he is inadmissible under section 1182(a)(6)(A), (6)(C), or (7). ECF 5 at 6. Mr. Fabian Mendoza has shown, and the United States does not offer contrary proof, of his permission to remain here on parole. We are persuaded by Judge Perez's reasoning "[s]ection 1226(c)(1)(E)(i) depends on a threshold showing that Petitioner was 'inadmissible.'" *Nosirov v. Rife,* No. 26-1534, 2026 WL 916602, at *4 (E.D. Pa. Apr. 1, 2026). The United States has "failed to establish the inadmissibility predicate to application of [section] 1226(c)(1)(E)." *Id.*

3 The United States also asserts the Department properly detained Mr. Fabian Mendoza under 8 U.S.C. § 1225(b)(2)(A). ECF 5 at 9–11 (describing Mr. Fabian Mendoza's case as a "*Q. Li*" case referring to the Board of Immigration Appeals' ("BIA") decision in *Matter of Q. Li*, 29 I & N. Dec. 66 (BIA 2025)). We, like our colleagues, find the *Q. Li* analysis does not compel detention under the "applicant for admission" and "seeking admission" language of 8 U.S.C. § 1225(b)(2) as argued by the United States. *See, e.g.*, *Cusi Chaisa v. Jamison*, No. 26-2560, 2026 WL 1195771, at *2–3 (E.D. Pa. May 1, 2026) (Hodge, J.); *Jorge-Peralta v. Jamison*, No. 26-1775, 2026 WL 1047057, at *2–4 (E.D. Pa. Apr. 17, 2026) (Costello, J.).

The United States does not contest the facts asserted in Mr. Fabian Mendoza's Petition. Mr. Fabian Mendoza entered the United States in 2022, married a United States citizen, has a one-year-old

child, works a construction job, submitted an asylum application, and his wife applied for his permanent residence. ECF 1 ¶¶ 17, 19–20. He has established community in Philadelphia and complied with all immigration and removal conditions. *Id.* ¶¶ 19–20